FERGUSON *v.* MILLER *et als.*

A mortgagee in possession has a legal title against the whole world, subject to the rights of the mortgagor; therefore, where he mortgaged the property, and subsequently erected a building on it—for the cost of which a mechanics' lien was filed—the holder of the lien cannot object to the legality of the mortgages, in the face of which he contracted.

It is not the province of the mechanics in such a case to determine the legality of the recorded title, but having contracted with notice of the encumbrances, they are postponed till the encumbrances are first paid.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This was a bill in equity to foreclose a mortgage.

The facts of the case are as follows : Parks purchased a lot from Ira Eaton, and sold the same to Kelly; Eaton executed a deed direct to Kelly; Kelly mortgaged the same to Parks to secure the purchase money. Parks afterwards sold the lot in question to Miller, and gave him a bond to foreclose the mortgage outstanding. Miller afterwards mortgaged to Ferguson and also to Watts.

Miller remained in possession and erected a house upon the premises; Bartlett and Garwood secured a mechanics' lien upon the same, which was sold under a decree of the Court, and purchased by Fuller. After the purchase by Fuller, Kelly returned, and afterwards sold his interest to Berry, from whom, by sundry mesne conveyances, the title was finally passed to Parks. Ferguson now seeks to foreclose his mortgage.

The case was referred to a referee, upon whose report a decree was rendered, foreclosing the mortgage and directing the debts of Ferguson and Watts to be first satisfied, and the overplus, if any, to be paid first to Fuller and afterwards to Parks. Defendants appealed.

The appeal has been dismissed as to all the defendants but Fuller.

*C. H. Bryan* for Appellant.

I. Parks being but a mortgagee of the property, can his conveyance to Miller pass anything more than his debt and mortgage? That being the extent of his interest without he foreclosed, could he pass a higher interest than a right to the debt and its security.

1. If this self-evident proposition be conceded, then Miller is the assignee of the mortgage and debt due from Kelly, and is treated as the mortgagee, instead of Parks.

2. Miller then being a mortgagee in possession without foreclosure, can he mortgage the property to others? A mortgage is, by all modern decisions, and by the decision of this Court in Sharp *et al. v.* Bryan, decided at July term, 1854, treated as a *mere security for a debt.* Can that security be the basis of another security and mortgaged? If so, the last security would be a good basis for another, and so on, *ad infinitum,* until all is confusion.

II. If it were established that Kelly abandoned his purchase of Parks, the legal title still being in him by *record,* is Fuller, *the purchaser* at *sheriff's sale,* affected by such abandonment occurring *after* his purchase?

1. If the abandonment of Kelly re-invested the title in Parks, could it operate in any other way, than from the date of such abandonment to give to Miller's mortgages to Ferguson and Watts, a life which they did not possess before? Could it affect third persons purchasing in good faith, coming in between the date of the mortgages which were dead, and the act of abandonment which gave them life?

2. Fuller having bought the improvements, and the interest of Miller, *without notice* of any title in Parks, could there be such a thing as an abandonment by Kelly subsequent to Fuller's purchase, which would operate in such a way as to relate back to the date of the Ferguson and Watts' mortgages, which were waste paper, and not only give them validity, but make them prior in right to the lien and judgment under which Fuller purchased?

3. Fuller, an innocent party, purchased under a valid lien, judgment and decree, the *regularity of which are undisputed, and are therefore conclusive,* whilst the mortgages of Ferguson and Watts were

dead. If they are galvanized into life *a year after* by this new process of abandonment, are they to take *priority* over *him,* and crowd him back until he gets nothing? If the Court shall hold that the title was by Kelly's abandonment cured sufficiently in Parks and Miller, his grantee, so as to give effect to Miller's mortgages, the only method would be to allow the mortgages to run from the time the title was cured.

III. Fuller not being affected in whatever rights he may have by the mortgages of Miller or the pretended abandonment of Kelly of his purchase, it is now to inquire what Fuller bought when he purchased at sheriff's sale?

1. He purchased all of the right and title which was in Miller, in the premises at the time of sale—Miller being vested as a mortgagee in possession, he having received a conveyance from Parks, which would operate as an assignment of Parks' mortgage and debt, is after the time has elapsed for the payment and discharge of the mortgage, entitled to the value of his improvements made prior to the sale to Fuller. His right to the improvements was then sold to Fuller, the lien under which Fuller bought having attached to the building, and Fuller became entitled to an allowance for the value of the improvements, as well as to that portion of the rents and profits remaining after deducting a reasonable ground rent.

In Conway *v.* Alexander, 7 Cranch, 218, the Court directed an allowance for permanent improvements. In this case the land would not rent without the building, therefore a Court of Chancery would necessarily make an allowance for such an improvement.

*Marshall & Mott* for Respondent. No brief on file.

Mr. Chief Justice MURRAY, after stating the facts, delivered the opinion of the Court. Mr. Justice HEYDENFELDT concurred.

Miller having purchased from Parks and entered into possession, may be regarded as a mortgagee in possession, and as such had a legal title against the whole world, subject to the rights of the mortgagor. If Miller had been in possession, simply relying on that possession, it is evident that his title would have been sufficient to warrant him in mortgaging the premises. How, then, can the fact that he was also a mortgagee, weaken the strength of that possession? The mechanics who erected the house for Miller, were bound by the previous outstanding mortgages executed by him. It was not their province to determine the legality of his recorded title, but having contracted with him in the face of these encumbrances, they are postponed until they shall be first paid off.

Judgment affirmed.