## CHEESBOROUGH v. SANATORIUM.

(Filed February 16, 1904).

MECHANICS' LIENS — *Corporations — Mortgages — The Code, secs. 1255, 1781—Acts 1897, ch. 334.*

> A judgment for materials furnished for a corporation in building is not a prior lien to a mortgage executed and registered prior to the furnishing of the material.

ACTION by T. P. Cheesborough and others against the Asheville Sanatorium, heard by *Judge W. A. Hoke,* at May Term, 1903, of the Superior Court of BUNCOMBE County.

This action was brought by the plaintiffs for the purpose of enforcing the execution of the trusts declared in a certain deed executed by the defendant corporation to J. S. Adams. Charles McNamee was appointed receiver. At August Term, 1899, the plaintiffs were allowed to make themselves parties to such action, and filed their complaint therein. The cause was submitted to his Honor upon an agreed state of facts.

The defendant was on and before September 30, 1897, a corporation created and organized under the laws of this State. On said day the said corporation executed to the Board of Home Missions of the Presbyterian Church certain bonds aggregating the sum of $30,000, and, for the purpose of securing the payment thereof, executed a deed in trust upon its land and buildings in the city of Asheville, which was duly registered in Buncombe County on January 3, 1898; that between February 9, 1898, and July 15, 1899, the plaintiffs, McPherson & Clark, pursuant to a contract made with said corporation, "performed labor" and "furnished materials" for it and in doing said work used said materials, which said materials were used and furnished by them on the buildings situate on the land and premises of the de-

fendant corporation, particularly described in the notice of
lien filed by said plaintiffs; that said work and material were
reasonably worth the prices set out and charged therefor; that
by the terms of said contract the said corporation became in-
debted to the plaintiffs, McPherson & Clark, in the sum of
$646 for said labor and work and materials so furnished;
that of said sum $115.60 is for items marked "work" in the
bill of particulars filed with the notice of lien, the remainder
of said sum being for "materials furnished"; that the plain-
tiffs filed their notice of lien in compliance with the provis-
ions of section 1781 of The Code, on August 16, 1899, and
on October 19, 1899, filed their complaint in this action; that
the Board of Home Missions filed its answer to said com-
plaint, alleging the execution of the said deed in trust and
denying the plaintiffs' right to any lien on said property or
priority in the proceeds of the sale thereof over the payment
of the bonds held by said Board of Missions and secured by
said deed in trust.

His Honor adjudged that the defendant corporation was
indebted to the plaintiffs, McPherson & Clark, in the sum
of $646.15, with interest, and of this amount the sum of
$115.61 being for "work and labor," constituted a lien upon
said property, and had priority over all other liens whatso-
ever, and over all mortgages and deeds in trust thereon, and
that said sum be paid out of the proceeds of the sale of the
property of the defendant corporation in preference to all
other claims, etc. The plaintiffs excepted to the refusal of
his Honor to declare the entire amount of their claim entitled
to priority, and appealed.

*F. A. Sondley,* for the plaintiffs McPherson & Clark.
*Merrimon & Merrimon* and *J. D. Murphy,* for the plaintiff
Board of Missions.

CONNOR, J., after stating the case.    The exception to the
judgment of his Honor involves the construction of section
1255 of The Code as amended by chapter 334, Public Laws
1897. The section of The Code as originally enacted declared
that "mortgages of incorporated companies   *   *   *   shall
not have power to exempt the property of such incorporations
from execution for labor performed, nor for material fur-
nished, nor for torts committed." This section was construed
by this Court in *Coal Co. v. Electric Light Co.,* 118 N. C.,
232, (1896). The General Assembly at the session of 1897
amended the section by striking therefrom the words "for ma-
terial furnished such corporation," chapter 334.

The sole question presented by this appeal, therefore, is
whether the plaintiffs are entitled to priority over the deed
in trust executed prior to the commencement of the work or
the furnishing of the materials.    There can be no doubt that,
as against the defendant corporation, the plaintiffs have a
lien pursuant to the provisions of section 1781 of The Code,
providing for liens "for work done   *   *   or materials fur-
nished." This lien, however, is subordinate to the registered
deed in trust, attaching as it does at the time of the beginning
of the work of furnishing materials.    *Burr v. Maultsby,* 99
N. C., 263, 6 Am. St. Rep., 517, 20 Am. and Eng. Enc.
(2 Ed.), 479.    While, therefore, as was said by the Court
in *Coal Co. v. Electric Light Co., supra,* the right of priority
asserted by the plaintiffs is not based upon the idea of a lien,
we may resort to the construction put upon statutes provid-
ing for mechanics' liens to aid us in ascertaining and giving
expression to the legislative intent.    It is significant that the
amendment of 1897 to section 1255 follows the decision of
this Court in *Coal Co. v. Electric Light Co., supra,* being en-
acted at the next succeeding session of the General Assembly.
"Whether mechanics' liens should be construed strictly or
literally is a question upon which there is a hopeless division

of opinion." Boisot on Mechanics' Liens, sec. 34. The author cites a large number of cases in which various opinions are expressed. Upon this question we prefer to adopt the following principles thus stated by him: "There is a line of decisions that seems to take a middle ground, holding that the statute should be reasonably construed, so as to ascertain the intent of the Legislature, and to require a substantial compliance with the requirements of the statute, without extending its provisions beyond the plain language of the act." *Ibid.,* sec. 37.

This Court, in *Cumming v. Bloodworth,* 87 N. C., 83, drew a clear distinction between a lien for labor performed and one for material furnished, holding that in repect to the former the Legislature had the power, pursuant to Art. X, sec. 4 of the Constitution, to provide for a lien for "work done" having priority over the right to homestead, but had no such power in respect to "materials furnished." The current of authority tends to sustain the distinction made by this Court. Boisot, *supra,* secs. 235 and 241. This Court in *Broyhill v. Gaither,* 119 N. C., 443, says: "The laborer's lien is solely for 'labor performed.' The mechanic's lien is broader and includes the 'work done,' *i. e.,* the building built, or superstructure on the premises." This language would seem to be decisive of this appeal as, since the amendment of 1897, the right of priority secured by section 1255 is confined to "labor performed," and the amendment expressly excludes "materials furnished," thus narrowing the class of persons and claims entitled to its protection within a much smaller compass than the language of section 1781.

His Honor having separated the items in the bill of particulars for "work done" from those for "materials furnished," we are not called upon to decide the question discussed by counsel as to the rights of the laborers who, in the perform-

ance of the contract, and as an essential part of their work, used materials.

It is difficult to reconcile the large number of the decisions found in the reports of the different States concerning lien laws, and we carefully refrain from announcing any principle of construction further than is necessary to dispose of this appeal.

Upon the facts found by his Honor we are of the opinion that he correctly construed the statute as amended.

Affirmed.