## W. M. WALKER ET AL. v. LINDEN LUMBER COMPANY.

(Filed 15 December, 1915.)

**1. Receivers — Orders of Court — Waiver — Mortgages — Disbursement of Funds—Liens.**

Where all parties are before the court and the receiver of an insolvent corporation has sold certain of its property subject to mortgage without objection, under the order of the court, and, likewise under the court's order, has distributed the proceeds among creditors, the mortgagee, or his assignee of the mortgage, by not excepting, waives his right to have the proceeds applied to his own debt, and he cannot have any lien on, or priority of payment out of, other funds in the receiver's hands.

**2. Receivers—Mortgages—Liens—Priorities—Laborers—Statutes.**

A receiver of an insolvent sawmill corporation, authorized by order of court to carry on its business, bought timber subject to a prior reg-

istered mortgage, under agreement between the parties that he should pay off the mortgage debt in certain proportions out of the proceeds of the sale of the manufactured product: *Held,* the lien given to laborers, etc., for work done, etc., within two months preceding the insolvency of the corporation (Rev., sec. 1206), and the priority under an execution of the judgment (Rev., sec. 1131), are not superior to the lien of the mortgagee, for such superiority of the laborer's lien is acquired where the corporation has given the mortgage on its property. Ch. 150, sec. 2, Laws 1913, requiring the laborer to file notice of his claim before a justice of the peace, has no application.

**3. Reference—Rereferences—Scope of Inquiry—Reports—Charges.**

The court has the authority to rerefer the referee's report, and thereunder the referee may change, correct or add to his former report.

APPEAL by intervenors from *Allen, J.,* at March Term, 1915, of CUMBERLAND.

*Sinclair, Dye & Ray for plaintiff and receiver.*
*Oates & Herring for J. S. Kent Co., claimant.*
*Cook & Cook for London Guaranty and Accident Insurance Co.*
*Q. K. Nimocks for E. A. Bill.*

CLARK, C. J.    The defendant Lumber Company owned a mill plant, but no timber.    While engaged in cutting timber owned by other parties a receiver was appointed and took charge.    The receiver, by authority of the court, purchased certain timber contiguous to the mill, including a tract of about a million feet, owned by W. M. Walker, and contracted with E. A. Bill to cut the same.    The receiver was also authorized to enter into the usual selling contract for the output of the plant, and made such contract with J. S. Kent Company, who held a mortgage on the Walker timber.

The J. S. Kent Company had notice of the contract between the receiver and E. A. Bill at the time it made the contract to buy the lumber.    E. A. Bill proceeded to cut the timber and shipped all the lumber manufactured under the contract with the J. S. Kent Company, except 225,681 feet, which he refused to ship because of an unpaid balance due him for work and labor done.    He applied to the court for a lien against the lumber on hand to the extent of his claim.    The matter was referred to H. S. Averitt, and the receiver was directed to sell the lumber and to hold the proceeds pending the further orders of the court, without prejudice to the rights, liens or priorities now existing against said lumber.    It was then shipped on orders of J. S. Kent Company, and the net sum of $2,000 is now on hand as its proceeds.

At the time of the appointment of the receiver the J. S. Kent Company held a first mortgage on 94,550 feet of lumber, estimated by the receiver to be worth $1,276.42.    This mortgage was transferred to the London Guaranty and Accident Insurance Company and the receiver

was ordered to sell and hold the proceeds pending the determination of the proper claimants entitled thereto. Later the court made orders in the cause which required the receiver to pay out the $973.64 which was realized from the sale of that lumber. This sum was thus expended within 60 days after the appointment of the receiver and several months before the assignment of the mortgage under which the Insurance Company is claiming.

The court properly held that the claim of said Insurance Company could not be transferred to and become a lien upon the fund now in court to which other parties are entitled. The fund to which the Insurance Company could look has been disbursed, and the only remedy which it had was waived by not excepting in apt time to the orders under which that fund was disbursed. Whether the Insurance Company can now follow that fund in the hands of those who received it is not before us.

The J. S. Kent Company assented to the sale of the timber by Walker to the receiver on condition that the receiver pay them as mortgagees $3 per thousand feet.

The mortgage of Walker was on the timber and was not a mortgage of the defendant Lumber Company, and, therefore, the lien of $3 per thousand feet stumpage, amounting to $677.04, is entitled to a prior payment over any and all other claims on this fund. The mortgage was executed by W. M. Walker to the claimant, J. S. Kent Company, and was duly registered several months prior to the date of the receivership. The mortgage was not executed by the defendant corporation, but by an individual on his own property, and the lien of his mortgage cannot be impaired by virtue of any claim against the corporation. Rev., 1131, which gives to judgments against corporations for labor performed and torts committed priority over prior mortgages executed by the corporation, has, therefore, no application.

Revisal, 1206, which provides that upon the insolvency of the corporation there shall be a lien in favor of laborers and workmen and all persons doing labor or service of any character in the regular employment of the company, a first and prior lien upon the assets thereof for all labor, work and services done "within two months next preceding the date when proceedings in insolvency shall be actually instituted and begun against such insolvent corporation, which lien shall be prior to all other liens that can or may be acquired upon or against such assets," is not intended to destroy the lien for such wages and services performed after the company goes into the hands of a receiver. The word "within" means "subsequent," that is, that after 60 days prior to the insolvency the laborers and workmen shall have a first lien for their wages. Otherwise it would be almost impossible for a receiver to operate the plant.

Laws 1913, ch. 150, sec. 2, now Rev., 2023 *a*, gives to laborers engaged in cutting or sawing logs into lumber a prior lien upon said lumber, except as against the purchaser, for full value and without notice thereof.

It is true that this section has a proviso requiring the laborer to file his notice of such claim before a justice of the peace. We are inclined to think that this proviso would not require the filing of such notice when the company is operating under the orders of the court in the hands of a receiver. But it is unnecessary to pass on the point in view of what we have said in regard to the application of Revisal, 1206.

The judge was acting entirely within his authority and in the exercise of his discretion in rereferring the case to the referee for a fuller finding and report, and the referee was authorized to change, correct or add to his former report. *Rogers v. Lumber Co.,* 154 N. C., 109.

The costs of the appeal will be paid jointly by the Insurance Company and the J. S. Kent Company. As above modified, the judgment is

Affirmed.