JAS. H. CHADBOURN and another *v.* THOS. R. WILLIAMS and the MECHANICS' BUILDING AND LOAN ASSOCIATION.

The lien of a plaintiff, who furnished materials for building, is not avoided, because in the notice thereof, filed with the Clerk, it is made to attach on two distinct lots separated by a street.

The notice of a lien required to be filed, since the Act of 1869–'70, chap. 206, sec. 4, should be filed in the office of the Clerk of the Superior Court; although the materials began to be furnished before that act went into effect, when the law of 1868'–69 was in force.

A lien attaches from the time the materials begin to be furnished, and the notice relates back to that time.

CIVIL ACTION, to enforce a lien for building materials, originally brought against Williams, tried before *Cloud, J.,* at the Special (January) Term, 1874, of NEW HANOVER Superior Court.

The following are the facts material to the questions raised in the Court below and decided in this Court:

The defendant, Williams, owned two half lots in the city of Wilmington, to wit, the Eastern half of lot, No. 5, of square 308, and the Western half of lot, No. 5, of square, 309, which do not adjoin, but are separated from each other by Seventh street.

Desiring to build on them, he applied to the plaintiffs for

lumber, which they agreed to furnish, and accordingly commenced furnishing on the 16th October, 1869, and continued to furnish until the 24th September, 1870, when their bill for materials amounted to $1,420.12. With the lumber, &c., so furnished, Williams built upon the half lot on square 309, three small dwelling houses, with separate inclosures; on the half lot on square 308, three small dwelling houses and a store, all with separate inclosures. On the 7th October, 1870, the plaintiffs filed in the Clerk's office a notice of lien, of which the following is a copy:

STATE OF NORTH CAROLINA, }
County of New Hanover. }

J. H. Chadbourn & Co., claim fourteen hundred and twenty 12-100 dollars, for materials furnished under contract for Thomas R. Williams, for houses on pieces of land situated in the Township of Wilmington, county and State aforesaid, say part lots 5, block 308, between 6th and 7th streets, and part of lot 5, block 309, between 7th and 8th, city of Wilmington.

Dated at Wilmington, this 7th day of October, 1870.

J. H. CHADBOURN & CO., [Seal.]

Certain persons in Wilmington were associated together as a joint stock company, under the name of The Mechanics Building and Loan Association, and by mortgage duly proved and registered, on the 5th day of January, 1870, the defendant, Williams, conveyed the western half of lot 5, square 309, and the western half of the eastern half of lot 5 of square 308 to three trustees, by way of mortgage to secure an advance of money then made to him by said Association. At the time of the execution of this mortgage, the officers of the said Association had information that plaintiffs had furnished materials for the buildings on the said lots. The said Association was duly incorporated under the act, 26th March, 1870, and by permission of the Court is allowed to defend this action. On the

19th June, 1872, the trustees assigned to the Association the mortgage made to them by Williams.

On the 27th July, 1870, Williams conveyed the eastern half of said eastern half of lot No. 5, of square 408, to said Association by way of mortgage, to secure the payment of an additional sum of money then advanced to him. And on the 16th day of August, 1870, he again conveyed the said eastern half of the eastern half of lot No. 5, of square 308, to the said corporation, by way of mortgage to secure the payment of still another sum of money then advanced to him. These mortgages were duly proved and registered.

On the trial, The Mechanics Building and Loan Association prayed the Court to charge the jury :

That plaintiffs could claim no priority of lien under the act of 6th April, 1869, because by the 2d and 9th sections thereof, their lien did not attach until the filing of notice of lien ; which in this case was subsequent to the execution of all three of the mortgages. That they could claim no priority against any of the mortgages under the act of 28th March, 1870, for the following reasons :

1. Because the notice of lien was insufficient and void because of the vagueness and uncertainty in the description of the land ;

2. Because it was insufficient and void in claiming a joint lien on two separate lots for a single sum, made up of the price of all the materials furnished for the buildings on both lots ;

3. Because by the 2d section of the act, priority of lien is given only for materials furnished for work on crops or farms, and not for those furnished for buildings on lots in towns

And if these positions should be held incorrect, it was contended :

1. That the act of 28th March, 1870, is not retro-active, and does not effect the first mortgage of 5th January, 1870, which was executed before its passage.

2. That if intended to be retro-active, in so far as it effects

the first mortgage, it is void, as violating the Constitution of the United States and of this State.

3. That even respect to the two last mortgages, which 'were executed after its passage, it gives a priority for only so much of the materials as were furnished after its passage.

His Honor declined to give any of these instructions, and charged the jury, that by virtue of the act of 6th April, 1869, or of the act of 28th March, 1870, or both together, on filing the notice of lien on the 7th October, 1870, the plaintiff's lien reached back to the 16th October, 1869, when they first commenced furnishing the materials, and thus took precedence of all of the said mortgages.

There was a verdict and judgment for the plaintiffs; from which the Association appealed.

*Smith & Strong,* for appellant.
*Strange,* contra.

RODMAN, J.   This action was originally commenced against Williams to recover of him about $1500 alleged to be owing to the plaintiffs for materials supplied by the plaintiffs to him for erecting buildings on certain lots owned by him in the city of Wilmington.   The plaintiffs claimed and sought to enforce a lien upon these lots under the act of 1868-'69, chap, 117. Williams made no defence.   The Association claimed an estate in the lots under sundry mortgages made to them by Williams, and was allowed to become a defendant.

It is found that plaintiffs at the request of Williams began to supply the materials on 16th October, 1869, and continued to do so until 20th September, 1870 ; that the prices charged are reasonable; that the materials were used upon the buildings put up on the lots in question, which in October, 1869, were the property of Williams ; on 7th October, 1870, the plaintiffs filed a claim for lien in proper form with the Clerk of the Superior Court of New Hanover county.

1. It was objected to the sufficiency of this claim that it was

for a lien on two lots separated by a street. We do not see that this is material under the circumstances of this case. If the two lots had been sold or mortgaged to different persons, it might be necessary as between them, and to settle their respective liabilities to contribution, to ascertain as well as could be, the value of the materials used on each lot. But the lien of the material man for his whole debt would cover both lots. When materials are furnished under a single contract for buildings put up on two lots, it cannot be expected of the vendor to know how much is used on one of them and how much on the other. In this case as the Association is the assignee of the whole property subject to the plaintiff's lien, it can scarcely be material to distribute the burthen between the several lots. If it becomes material, that can hereafter be done.

2. It is agreed that as the act of 1868-'69, chap. —, which was in force in October, 1869, when plaintiff made his contract, and began to furnish the materials, required the notice of the lien to be filed with the Register of Deeds ; and as the notice in the present case was filed with the Clerk of the Superior Court as directed by the act of 1869-'70, chap. 206, sec. 4, (ratified 28th March, 1870), the proper notice was not given.

We are of opinion that in that respect the latter act repealed the former, and the notice being filed in conformity to the law existing when it was filed, was filed in the proper office.

3. The main question is whether the claim of the plaintiff has priority over the mortgages to the defendant.

The first mortgage to the Association was on 20th January, 1870, and two others were made on 27th July, and 16th Augut, respectively.

If it were a matter of importance, it might be a nice question whether the date of the attaching of plaintiff's lien was governed by the Act of 1868-'69, or by that of 1869-'70. But we do not think we need determine that question, for by a fair construction of both, the lien begins from the time when the materials were begun to be furnished. The filing of notice relates back to that time. This is expressly enacted by the act

of 1869–'70, chap. 206, sec. 2 ; and we think it follows from the provisions of the act of 1868–'69.

The first section says : 1. A lien may be and is hereby created under the provisions of this act in the following cases. * * * * 2. Where any person furnishes any material, &c." Section 3 provides where notice of the lien shall be filed. Section 4, that it shall be filed within thirty days after the furnishing of the materials. Section 12, enacts that the priorities created by the act are to be settled by the priorties of the notices filed.

It must be clear, that unless the claim when filed has relation back to the commencement of the furnishing the materials, the object of the act would be liable to be defeated at the pleasure of the vendee of the materials, by his selling or mortgaging his estate. The act would be idle and inefficacious against the very mischief it was intended to cause. The Assembly might have required notice to be filed of every dray load of materials as it was delivered, but this would have been inconvenient and costly. By allowing the notice to be filed after the whole has been delivered, it has put on a purchaser while the delivery is in progress, the duty of informing himself whether materials have been delivered or not, and under what sort of contract. This is in conformity to the construction which has been put on similar statutes in other States. Phillips Mechanics' Liens, sec. 215. *Nibbe* v. *Brawhn,* 24 Ill., 268.

We think the notice of lien had relation back and was prior to the claim of the defendant, as to the materials furnished before the date of the mortgage.

4. The right to priority of lien for those furnished afterwards, though equally clear, stands on a somewhat different foundation. If the mortgagee had immediately gone into possession and notified the material man to discontinue the furnishing of materials, a different case would have been presented from the present. It has been held, that in such a case, if the original contract for materials was *entire,* the vendor would have a right

to go on and complete his contract, notwithstanding the mort-gage. It is not necessary for us to express any opinion on such a case.

Here it does not distinctly appear whether or not the mortgagee knew that materials had been furnished by the plaintiff, and continued to be after the mortgage. We think he must be presumed to have known it. It was his duty to have informed himself of the condition of the property in this respect when he bought it. Yet he gives no notice to discontinue furnishing materials, but acquiesces in the continuance. He receives the benefit of the value of these materials in the increased value of the property, and is therefore bound to allow it as a prior lien. This rule seems to us reasonable, and is in conformity to the decisions of other States in like cases. Phillips, sec. 228 ; *Watkins* v. *Wassall,* 15 Ark., 73 ; S. C. 20 Ark., 310 ; *Planters Bank* v. *Dodson,* 9 S. & M., (Miss.,) 527.

It is otherwise where a sale is made, or a mortgage duly registered, before the materials are begun to be furnished, although the mortgagor remains in possession. In such case, the material man has notice of the mortgage, and furnishes the materials on the sole credit of the mortgagor and his estate. *Jessup* v. *Stone,* 13 Wis., 466 ; *Hoover* v. *Wheeler,* 23 Miss., (1 Cush.,) 314.

There is no error in the judgment below.

PER CURIAM.                                    Judgment affirmed.