H. A. BURR and E. P. BAILEY v. J. A. MAULTSBY et al.

*Liens—Notice—Purchasers for Value.*

Upon the filing of the notice within the time and in the manner prescribed by the statute, the lien given mechanics and laborers attaches to the property upon which the labor or materials have been bestowed and has relation back to the time of the beginning of the work or furnishing the materials; and is effectual, not only against all other liens or encumbrances which attached subsequently, but against purchasers for value, and without notice.

This is a CIVIL ACTION, which was tried before *Clark, J.,* at January Term, 1887, of the Superior Court of COLUMBUS County.

The action began before a Justice of the Peace and was carried up to the Superior Court by an appeal.

The parties agreed upon and submitted the following facts to the Court for its judgment:

" That the plaintiffs furnished material and performed labor in the repair of the property, lot No. 6, in the town of Whiteville. The work and labor done, and material furnished, began on the 2d day of September, 1884, and ended on the 20th day of November, 1884. That a lien for the same was filed and recorded in due form of law on the 5th day of August, 1885, in the office of the Clerk of the Superior Court of Columbus County.

That on the ...... day of December, 1884, the defendants, Maultsby & Son, who were the owners of the property against which the lien was filed, and who alone contracted for the work and material performed and furnished, conveyed said property to the defendants Kerchner & Calder Bros., for value, and without notice of the plaintiffs' claim, and the conveyance (or deed) was duly recorded on the 2nd day of December, 1884; that this deed was made and delivered

before the filing of the lien; that the amount of the work and the labor performed and material furnished is (sixty-one dollars and eighty-six cents) $61.86; that J. A. Maultsby & Son had no right, title or interest whatever in the land, lot No. 6, in the town of Whiteville when the plaintiffs' notice of lien was filed with the Clerk of said Court; that the lien was filed in the time required by law."

The Court upon consideration gave judgment for the plaintiffs as follows:

" This cause coming on to be heard upon the statement of the facts found as a special verdict, and the Court being of opinion that the plaintiffs were entitled to recover, now on motion of John D. Bellamy, Jr., attorney for the plaintiffs, it is ordered and adjudged that the plaintiffs are entitled to and have a lien on the property described in the notice of lien for the sum of sixty-one dollars and eighty-six cents, with interest from 17th September, 1884, and the costs of this action. And it is hereby ordered that all the right, title and interest of the defendants, J. A. Maultsby & Son, in the said land and property which said defendants had therein on the 2d day of September, 1884, the time of the commencement of the furnishing of the material, be sold to satisfy said debt, interest and costs, and that the defendants be foreclosed and barred of any interest therein acquired subsequent to said date, provided the debt, interest and costs aforesaid be not paid within thirty days."

From this judgment the defendants having excepted, appealed to this Court.

*Mr. E. Haywood,* for the plaintiffs.
*Messrs. W. F. French* and *D. G. Lewis* (*Mr. J. B. Shelton,* filed a brief,) for the defendants.

MERRIMON, J., (after stating the case). It is not denied that the plaintiffs were entitled to a lien upon the lot of land

in question as they claim, but it is contended that inasmuch as notice of such claim of lien was not filed by them in the office of the Superior Court Clerk of the proper county, as required by the statute, (*The Code,* §§ 1784, 1789,) before the defendants purchased the land from J. A. Maultsby & Son, and they had no notice of the lien, therefore it did not attach to the land as against them, or in any way affect their title. And for the like reason the defendants further insist, that at the time the plaintiffs filed their notice of lien J. A. Maultsby & Son "had no right, title or interest whatever in the land," having before that time sold and conveyed the same to them.

So that the question we are called upon to decide is, did the lien on the land when filed in the office of the Clerk of the Superior Court have relation back to the time it first arose. We are of opinion that this question must be answered in the affirmative.

. The first statute, giving a mechanic's and laborer's lien, (Acts 1868–'69, Ch. 117, § 4,) prescribed that the lien should be filed " at any time before or within thirty days after the performance and completion of the labor, or the final furnishing of the materials, or the gathering of the crop." This clause of the statute was interpreted by this Court in *Chadbourn* v. *Williams,* 71 N. C., 444, and it was held that the lien in that case had relation back to the time it began to arise, and while it continued to arise, thus defeating certain mortgages that had been registered prior to the time of filing the notice of the lien, the Court saying that, " It must be clear that unless the claim when filed has relation back to the commencement of the furnishing the materials the object of the Act would be liable to be defeated at the pleasure of the vendee of the materials by his selling or mortgaging his estate. The Act would be idle and inefficacious against the very mischief it was intended to (prevent) cause. * * * We think the notice of lien had relation back, and was prior to

the claim of the defendant, as to the materials furnished be-
fore the date of the mortgage."

In view of this decision and without modifying or chang-
ing its force the Legislature enacted the statute (Acts 1876–'77,
Ch. 53, § 2,) extending the time within which the notice of
such lien might be filed to sixty days. And again, after-
wards, the time was extended by statute (Acts 1881, Ch. 65,
§ 1,) to six months; and again by the statute (Acts 1883, Ch.
101, § 1, *The Code,* § 1789,) to twelve months. The time was
thus simply extended. It would seem, therefore, that the
Legislature approved of the interpretation given to the first
statute cited, and intended that it should apply to those sub-
sequently enacted. It was all along after the first enactment
advertent to the subject of such liens, and frequently legis-
lated in respect thereto, amending the first and subsequent
statutes. If it had intended that such lien should have no
force or effect as against purchasers and incumbrances until
the filing of notice thereof, the just inference is it would have
so provided.

The statute (*The Code,* § 1791,) in respect to such liens,
provides that "upon judgment rendered in favor of the claim-
ant an execution for collection and enforcement thereof shall
issue in the same manner as upon other judgments in actions
arising on contract for the recovery of money only, except
that the execution shall direct the officer to sell the right,
title and interest which the owner had in the premises or the
crops thereon at the time of filing the notice of the lien, be-
fore such execution shall extend to the general property of
the defendant."

On the argument it was contended for the defendants that
J. A. Maultsby & Son had no "right, title and interest" to
the land in question "at the time of filing the notice of the
lien," to be sold, and as the statute just recited directed such
interest to be sold, this went to prove that the Legislature

did not intend that the lien should relate back to the time it arose.

This argument is not sound. The lien prevailed continuously next after it arose, and J. A. Maultsby & Son, who then had title to the land, could not divest themselves of it, except subject to the lien. So there was " right, title and interest" in them to be sold as contemplated by the statute.

The same statute (*The Code,* § 1782,) further provides that " the lien for work on crops or farms or materials, given by this chapter, shall be preferred to every other lien or incumbrance which attaches upon the property subsequent to the time at which the work was commenced or materials furnished."

It was contended that this clause does not embrace absolute conveyances, and hence they are unaffected by such lien unless filed prior to their execution, and also that this provision tends to show that it was not intended that filing the laborer's notice of lien gave it efficacy as against prior purchasers. This is a mistaken view.

This clause has no such application. Its purpose is simply to prevent liens upon the property, created subsequently to the laborer's lien, from superceding it as to work done and materials furnished after such subsequent liens were created. *Wooten* v. *Hill,* 98 N. C., 48.

The purpose of the statute seems to be to favor the laborer—to give him a security—a lien upon the property continually efficient for all purposes after it arises until discharged, for his labor and materials supplied, without any public notice of it, until the lapse of twelve months; that it shall not be good after that time, unless it shall be filed as prescribed by the statute. If this is not so, why require notice to be filed at all? The lien extends only to the particular property affected by the labor done or materials supplied. If a sale of it by the owner operates to defeat the la-

borer's lien, then to file notice of it would be nugatory—a mockery.

It is said that such liens, until notice of them filed, are snares to innocent buyers of the property to which they attach. This may be so in a measure, but the Legislature had power to provide for and allow them as it has done. It, and not the Court, must be the judge of the expediency and wisdom of such legislation. It may be said, however, that the same objection applied to the registration laws of this State until within a recent period, as to conveyances generally.

Wise registration laws promote convenience, confidence and safety in business transactions of great importance and encourage trade—they do not discourage the vigilant, honest dealer. In their absence, the buyer must rely upon his own scrutiny as to the title he gets.

Affirmed.