QUINTON M. WIGGINS ET AL. v. MRS. ISA C. HARRELL ET AL.

(Filed 18 February, 1931.)

1. **Parties B a—Trustee is necessary party in action to declare mortgage given by him on trust property invalid.**

Where a will devises and bequeaths all the testatrix's property of whatsoever kind to the children of the testatrix in trust, naming the husband as trustee with full power of sale, reinvestments, etc., in their behalf, and the beneficiaries thereunder bring an action to restrain or set aside a foreclosure sale under a mortgage given by the trustee on the lands affected by the trust: *Held,* the trustee's interest in the result of the suit makes him a necessary party thereto, and where he has not been made a party either plaintiff or defendant the Supreme Court on appeal will not decide the case presented upon the sole question as to whether his mortgage given upon the lands falls within the authority vested in him under the will, and consequently whether the sale was valid or otherwise.

**2. Parties B b—Where necessary party will not join as plaintiff he may be made a party defendant.**

Where a necessary party to an action will not join with the plaintiffs therein, they may have him made a party defendant when necessary for a final adjudication of the matters involved.

APPEAL by plaintiffs from *Harris, J.,* at July Term, 1930, of GATES. Affirmed.

Mrs. Lallah B. Wiggins was the owner of the real property described in the complaint. She became indebted to S. I. Harrell in the sum of $6,500, and to secure its payment she and her husband, John E. Wiggins, on 1 August, 1912, executed a mortgage or deed of trust on the land in controversy. She died on 17 January, 1918, leaving a will containing the following terms:

"1. I give and bequeath to my children, viz.: John Bynum Wiggins, Quinton M. Wiggins, Laura M. Wiggins, Raymond G. Wiggins, and Mary E. Wiggins, all of my property of every description, consisting of real, personal and mixed property, to them and their heirs absolutely and in fee simple.

2. I hereby appoint my husband, John E. Wiggins, a trustee to manage and control all of my said property during the period of his natural life, for the interest and benefit of my said children, the said management to be left entirely to the judgment and discretion of the said trustee, and I direct that no bond be required of the said trustee in the management and control of my said estate.

3. It is my will and desire that should my said husband John E. Wiggins, trustee as aforesaid, at any time after my death consider a sale of my land and premises to be for the best interest of my children, then and in that event, I do hereby invest him the said John E. Wiggins, trustee, as aforesaid, with full power and authority to sell and convey the same and to invest the proceeds arising from said sale for the benefit of my said children and in the management of said sale and in the investment of said proceeds, it is my will and desire that the said John E. Wiggins, trustee, aforesaid, be not required to enter into any bond for the faithful performance of the trusts herein reposed in him."

The plaintiffs alleged that on 14 January, 1919, John E. Wiggins, trustee for the heirs of Lallah B. Wiggins, borrowed $6,000 and executed to S. I. Harrell, trustee, a bond therefor payable 1 January, 1920, and a deed of trust on the land above described.

S. I. Harrell died in June, 1928, and thereafter Isa C. Harrell, his administratrix, sold the land under and by virtue of both deeds of trust and Costen J. Harrell became the purchaser at the price of $8,600. On the note secured by the deed of trust dated 1 August, 1912, there was an unpaid balance of $3,000. It was admitted that this amount should be

paid out of the proceeds of the sale; but the plaintiffs contend that John E. Wiggins, trustee, had no legal right to encumber their land with a mortgage or deed of trust. They ask that an accounting be had and that they recover against Isa C. Harrell individually and as the personal representative of S. I. Harrell, trustee, the difference between the purchase price and the amount due on the bond and deed of trust executed 1 August, 1912.

At the close of the plaintiffs' evidence the action was dismissed as in case of nonsuit. Judgment for the defendants. Exception and appeal by the plaintiffs.

*Thad Eure and Stanley Winborne for plaintiffs.*
*Costen & Costen and Ehringhaus & Hall for defendants.*

ADAMS, J. The relief sought in the complaint first filed by the plaintiffs was an order to restrain the defendants from selling the land under the deed of trust executed by John E. Wiggins, trustee. Judge Midyette issued a temporary restraining order and Judge Small announced his purpose to continue it to the final hearing upon certain conditions. Failure of the plaintiffs to comply with the conditions effected a dissolution of the order. In consequence the land was sold under both deeds of trust at the price of $8,600. The administratrix of S. I. Harrell applied $3,000 of this amount in satisfaction of the first note, and the plaintiffs by an amended complaint seek in this action to recover the remainder.

The basis of this claim is the alleged want of power on the part of John E. Wiggins, trustee in the will of Lallah B. Wiggins, to execute a valid mortgage on the land. The brief of the plaintiffs is addressed to the single question whether under the terms of the will the trustee had power to borrow money and secure its payment by a mortgage on property which was to be held in trust for their benefit.

This, in our opinion, is not the decisive question. Let us concede, without deciding, that the trustee had no right to execute the mortgage and that the plaintiffs have an interest in the controversy which in a proper action the courts would protect. The trustee is not a party; he is neither a plaintiff nor a defendant. Presumably, the plaintiffs preferred not to make him a party; but if he was unwilling to join them in the prosecution of the action they could have included him among the defendants. C. S., 457.

Is he a necessary party? The testatrix, Lallah B. Wiggins, appointed him a trustee to manage and control all the devised property for the interest and benefit of her children during the period of his natural

life—"the said management to be left entirely to the judgment and discretion of the said trustee." He is living. If, therefore, the mortgage should be declared void the restored property must be returned to the trustee for management during his natural life, unless upon good cause he be duly removed. It could not be turned over to the plaintiffs without disregard of the express terms of the will. If the relief sought by the plaintiffs should be granted, that is, if the mortgage should be set aside, the rights of the trustee would necessarily be involved, because he would be entitled to the fruits of the litigation.

"Necessary or indispensable parties are those whose interests are such that no decree can be rendered which will not affect them, and therefore the court cannot proceed until they are brought in." North Carolina Prac. & Procedure, sec. 209. Any decree that might be rendered in this action would necessarily affect the interests of the trustee under the will. If he had a right to make the mortgage, the sale divested him of the legal title to the mortgaged property; if he had no such right other questions affecting his interests would at once arise. It may therefore be said that he is a necessary party.

Defect of parties appearing upon the face of the complaint must be pointed out by demurrer; otherwise the defect will usually be deemed to have been waived. *Lanier v. Pullman Co.,* 180 N. C., 406. But for defects in the merits of an action the defendant may demur, or file an answer and go to trial on the merits, and then move to dismiss. North Carolina Prac. & Procedure, sec. 455.

It seems to be obvious that the plaintiffs purposely declined to make the trustee under the will a party to the action and that they now rest their right to recover the controverted property as the beneficial owners without regard to the legal or equitable rights of the trustee. By this method they undertake to exclude him entirely and to assert as a meritorious cause of action their right to succeed to whatever title he would have if the mortgage should be decreed to be ineffective. The allegations in the complaint, if established, would not entitle them to the relief sought. Objection to the merits were not waived by the defendants' failure to demur.

The record presents other defenses of a serious nature, which we deem it unnecessary to consider. Judgment

Affirmed.