### J. CHARLIE SIMS v. MARY SUE DALTON.

(Filed 17 February, 1932.)

1. **Executors and Administrators C f—Demurrer in action by creditor of estate against beneficiary under the will held properly sustained.**

The personal representative of a deceased is a necessary party to a suit to recover assets of the estate, and where the holder of one of several bonds secured by a mortgage on the deceased's home place brings action against the beneficiary under the deceased's will to declare the legacy a trust fund for the payment of the bond, and it appears that the bequest is insufficient to pay all the bonds and that the executor and other bond-holders have not been made parties, the defendant's demurrer is properly sustained.

2. **Pleadings D b—Defect of material parties plaintiff appearing on face of complaint may be taken advantage of by demurrer.**

A defect of material parties appearing upon the face of the complaint may be taken advantage of by demurrer, and when not appearing upon the face of the complaint, such defect must be taken advantage of by answer, or the objection will be deemed waived, C. S., 511. The distinction is noted between necessary and proper parties.

APPEAL by plaintiff from *Sink, J.,* 9 November, 1931, of POLK. Affirmed.

This is an action brought by plaintiff against the defendant to recover the sum of $656.00, with interest from 1 August, 1928, on a bond now held by him, given by T. M. (Timothy) Revis, secured by deed in trust to M. R. McCown, trustee, on his "home place," said deed in trust duly registered in register of deeds office for Polk County. The plaintiff contends that under the will of Timothy Revis, his government compensation certificate was willed to defendant with the understanding that plaintiff's bond should be paid and that defendant became indebted to plaintiff as aforesaid. "That the defendant, Mary Sue Dalton, received the proceeds of the government compensation certificate of said Timothy Revis in an approximate amount of $1,000, and the said funds in the hands of said defendant, by virtue of the provision of said will of Timothy Revis, became trust funds, to be used in the manner directed and provided in said will."

SIMS *v.* DALTON.

The defendant demurred, specifying the grounds. The court below sustained the demurrer. Plaintiff, excepted, assigned error and appealed to the Supreme Court. Other necessary facts will be set forth in the opinion.

*M. R. McCown for plaintiff.*
*J. S. Massenburg for defendant.*

CLARKSON, J. The plaintiff relies on item 6 of Timothy Revis' will, which is as follows: "It is my special wish, and she has agreed thereto, that inasmuch as I have made Mary Sue Dalton the beneficiary under my government compensation certificate, that she turn over to my executor hereinafter named the sum of five hundred ($500) dollars to be used for the care and living expenses of the said Annie Mitchell, and that the remaining sum of my compensation certificate shall be used by the said Mary Sue Dalton in paying the installments due under mortgage against my home place, which eventually will become the property in fee simple of the said Mary Sue Dalton."

As to War Risk Life and Disability Insurance, see 73 A. L. R., 319.

Plaintiff contends that defendant holds the fund under the will in trust to pay the bond secured by deed of trust which he holds on the "home place." We cannot so hold. It is alleged that the Government Compensation Certificate approximately amounted to $1,000. The record discloses that there were other bonds than plaintiff's secured by the deed of trust. The complaint alleges that plaintiff's indebtedness is "one of the obligations."

As grounds for demurrer, the defendant, in substance, contends (1) That "the plaintiff has not legal capacity to sue." C. S., 511(2); as there arises no relationship as creditor and debtor between plaintiff and defendant; (2) that on the face of the complaint, if plaintiff's contention is correct, it was the executor's right and duty to recover assets. C. S., 170; (3) that on the face of the complaint it appears "There is a defect of parties plaintiff or defendant." C. S., 511(4). It is well settled in this jurisdiction that if there is a defect of material parties, the defendant must take advantage of the same by demurrer if the defect appears from the complaint, and if not, by answer. Otherwise he will be deemed to have waived such objection.

In N. C. Practice and Procedure in Civil Cases (McIntosh), p. 451, part sec. 441, speaking to the subject, we find: "If it appears upon the complaint that there is a defect of parties, plaintiff or defendant, objection is taken by demurrer, and for such defect not so appearing objection is taken by answer. The defect does not refer to the want of some legal

capacity of a party, but to the omission of some who should have been joined either as plaintiffs or defendants. A distinction is made between necessary and proper parties, as to the effect of the demurrer, in that a necessary party must be joined, and a proper party may be joined, if the court deems it advisable." *Lanier v. Pullman Co.,* 180 N. C., 406; *Yonge v. Ins. Co.,* 199 N. C., at p. 17; *Wiggins v. Harrell,* 200 N. C., 336. For the reasons given the judgment of the court below is

Affirmed.