J. E. BEAMAN, TRADING AS J. E. BEAMAN CONSTRUCTION COMPANY, v. ELIZABETH CITY HOTEL CORPORATION; AND C. F. SHUMAN ROOFING COMPANY v. J. E. BEAMAN, TRADING AS J. E. BEAMAN CONSTRUCTION COMPANY, AND ELIZABETH CITY HOTEL CORPORATION.

(Filed 23 March, 1932.)

1. Laborers' and Materialmen's Liens A a—Installation of grilled screen in this case held a part of contract of construction.

Where the contract for the erection of a hotel building provides for the installation of a heavy screen, requiring factory fabrication, over a skylight, and the building is turned over to the owner without its installation, and thereafter the owner demands that it be installed under the original contract without extra compensation, and, by arbitration under the contract, the matter is settled in favor of the owner: *Held,* the installation of the screen did not constitute a new and independent contract but was installed under the original contract of construction.

**2. Laborers' and Materialmen's Liens B a—Whether notice of claim of lien was filed within statutory time held for jury in this case.**

Although the statutory time for filing a laborer's or materialman's lien will not be extended where labor is done or material furnished of a trivial nature after substantial completion of the work, where the contract for the erection of a hotel building specifies the installation of a heavy screen, requiring factory fabrication, over a sky-light, and the work under the contract is substantially completed, and the building turned over to the owner for occupancy, and thereafter, upon demand of the owner, the screen is installed by the contractor as a part of the original contract at a cost of $1,157 and a lien filed against the building within six months thereafter: *Held*, whether the work was completed when the building was turned over to the owner or when the screen was installed is for the jury under the evidence on the question of whether the claim was filed within the statutory time, C. S., 2470, and a peremptory instruction thereon is error.

CIVIL ACTION, before *Small, J.,* at Spring Term, 1932, of PASQUOTANK.

In 1926 the Elizabeth City Hotel Corporation owned a certain lot in Elizabeth City, known as the Virginia Dare Hotel property. On 20 October, 1926, the Hotel Corporation made a contract with Beaman Construction Company providing for the erection of a hotel building upon said lot according to the plans and specifications prepared by W. L. Stoddard, architect. It was provided that the building should be completed by 15 July, 1927, and that in the event of delay in the completion of the work, the contractor should pay $50.00 per day as liquidated damages. The contract price was $320,000, to which was added $65,000 in extras. In the performance of the work Beaman Construction Company, contractor, sublet certain work to D. Draddy and Company and all roofing and sheet metal work to Shuman Roofing Company.

The original contract and plans and specifications provided for the erection of "a heavy iron screen over the skylight of the arcade portion of the building, in dimensions about 19 by 63 feet, requiring factory fabrication." All work to be done by Shuman Roofing Company had been completed and paid for prior to 11 November, 1927, and said subcontractor "had left the job without the intention of returning." By 1 November, 1927, the construction work covered by the contract between Beaman and the Hotel Company, including extras, had been practically completed, and on said date the hotel, including arcade and garage, was turned over to defendant corporation for occupancy which continued from that date until the present time. On 23 February, 1928, Beaman, contractor, and Nash, representing the architect, and Robinson, representing the defendant, Hotel Corporation, met to check over the "few odds and ends of work uncompleted at the time of occupancy of the hotel aforesaid." The foreman and workmen of Beaman had left the work

prior to said date, and on said date Beaman left the job without the intention of returning. Subsequently, on 20 April, 1928, Beaman wrote the architect, saying: "The job has been finished and is a credit to all concerned. . . . The statute of limitations which would affect a lien, has almost expired." Thereafter, in May, 1928, a dispute arose between Beaman and the Hotel Company as to the construction of the wire screen over the skylight. In accordance with the terms of the contract, the dispute was referred to the architect, who ruled that the screen was required by the contract, and Beaman arranged with Shuman Roofing Company to install said screen. The work of the installation was completed in October, 1928, at a cost of $1,157.62.

In February, 1928, when Beaman and the architect and a representative of the Hotel Company met to check up the work, the Hotel Company owed Beaman a balance of $4,371.38 upon the contract price, and at said time the said Hotel Company executed to the Beaman Construction Company a note in the sum of $2,145 in part payment of said balance. It is admitted in the pleadings that on or about 30 March, 1929, Beaman duly filed in the office of the clerk of the Superior Court a notice and claim of lien, and these actions were instituted on 28 September, 1929.

The court submitted the following issues:

1. "In what sum, if any, is J. E. Beaman, trading as Beaman Construction Company, indebted to Shuman Roofing Company?"

2. "In what sum, if any, is J. E. Beaman, trading as Beaman Construction Company, indebted to D. Draddy, the intervener in the suit of Beaman Construction Company v. Elizabeth City Hotel Corporation?"

3. "In what sum, if any, is the Elizabeth City Hotel Corporation indebted to J. E. Beaman, trading as Beaman Construction Company?"

4. "When was the work contemplated by the contract between J. E. Beaman, trading as Beaman Construction Company, and the Elizabeth City Hotel Corporation completed?"

5. "In what sum, if any, is J. E. Beaman, trading as Beaman Construction Company, indebted to Elizabeth City Hotel Corporation on the set-off?"

The jury answered the first issue "$1,157.62 with interest from 2 October, 1928," the second issue "$1,000," the third issue "$4,371.38 with interest from 23 February, 1928," the fourth issue "during February, 1928," and the fifth issue "not any."

The trial judge charged the jury in effect that if they believed the evidence and found the facts to be as testified to by all the witnesses that they should answer the issues as above indicated.

Upon the verdict judgment was entered as follows: "That the payments upon the judgment hereinbefore declared in favor of J. E. Beaman, trading as Beaman Construction Company, against the Elizabeth City Hotel Corporation, whether made voluntarily or under execution, shall be paid into the hands of the clerk  . . . ,  who shall pay over the same in equal parts to the said David Draddy and C. F. Shuman Roofing Company, until the judgments hereinbefore declared in their favor against the said J. E. Beaman, shall have been satisfied. It is further considered, decreed and adjudged that neither the C. F. Shuman Roofing Company, or David Draddy, or Beaman Construction Company is entitled to a lien against or upon the property of Elizabeth City Hotel Corporation or any part thereof, and same is hereby declared and adjudged to be free and clear of any and all liens or notice of liens, heretofore, filed, or otherwise sought to be established, for and on behalf of any or all of said parties."

From the judgment upon the verdict the plaintiffs appealed.

*Thompson & Wilson for plaintiffs.*
*McMullan & McMullan for defendants.*

BROGDEN, J. What is the legal test for determining the "final furnishing of materials," or "the completion of labor" for a building project?

C. S., 2470, provides in substance that ordinarily notice of lien upon real estate shall be filed "within six months after the completion of labor or the final furnishing of materials," etc. In the case at bar the Hotel Corporation, the owner of the real estate, contends that the plaintiffs are not entitled to a lien upon the property. This contention is based upon certain facts appearing in the record to the effect that the hotel building was completed on 1 November, 1927, and actually occupied on said date, and that subsequently on 23 February, 1928, the parties in interest met together, checked over the various items of the contract and pronounced the work complete. Furthermore, in recognition of such completion the contractor wrote a letter on 20 April, 1928, admitting that the job had been finished and was "a credit to all concerned." Hence when the notice of lien was filed by the plaintiffs on 30 March, 1929, more than twelve months had elapsed from the completion of the labor and furnishing of material for the structure, and that, therefore, the plaintiffs are not entitled to enforce a lien upon the property.

On the other hand, the plaintiffs assert that in May, 1928, the Hotel Corporation took the position that the contract had not been completed for the reason that a large wire screen specified in the contract had not

been installed, and demand was made upon the contractor to complete the contract according to the terms thereof. Pursuant to the provisions of the contract the dispute so arising between the owner and the contractor, was referred to the architect, who ruled with the owner that the construction of the screen was necessary for the completion of the work. Thereupon the contractor procured the coplaintiff, Shuman Roofing Company, to install said screen at a cost of $1,157.62, and that said work, not having been completed until October, 1928, a notice of lien filed on 30 March, 1929, was within the statutory period, and, therefore, enforceable against the property.

A preliminary question arises at the threshold, and that is: Did the installation of the wire screen constitute a new and independent contract, or was such work done under and by virtue of the original contract between the parties? The original contract provided for the installation of the wire screen. The owner of the premises demanded such installation without extra compensation to the contractor. In pursuance of the terms of the original contract, the dispute was submitted to the architect who decided in favor of the owner and demanded the installation of the work. Manifestly, therefore, the screen was installed pursuant to the terms and provisions of the original contract between the parties.

The legal inquiry involved has been discussed by various courts and textwriters. For example, the Supreme Court of Idaho in *Gem State Lumber Co. v. Witty et al.,* 217 Pac., 1027, wrote: "Ordinarily, furnishing an article or performing a service trivial in character is not sufficient to extend the time for claiming a lien or to revive an expired lien, where the article is furnished or the service rendered after a substantial completion of the contract, and the article is not expressly required by the terms thereof." In like manner the Connecticut Court in *Martin Tire & Rubber Co. v. Kelly Tire & Rubber Co.,* 122 Atlantic, 102, quotes with approval the following: "Where a service is performed or material furnished at the request of the owner, it will extend the time for claiming a lien or will revive an expired lien, as to a contract . . . substantially completed." 35 L. R. A. (N. S.), 904. The authorities upon the subject are assembled in *Breeding v. Melson,* 143 Atlantic, 23, 60 A. L. R., 1252. The Delaware Court in that case said: "There is no conflict between the authorities as to the proposition that the time for filing a claim in a mechanic's lien proceeding is computed from the date when the last item of work, labor or materials is done, performed or furnished, and that principle is, undoubtedly, correct. But the work performed and materials furnished must be required by the contract, and whatever is done must be done in good faith for the purpose of fully performing the obligations of such contract, and not for the mere

purpose of extending the time for filing lien proceedings. Therefore, the performance of labor or the furnishing of materials of a trivial character which are not expressly provided for by such contract and after it has been substantially performed will not ordinarily extend the time for filing a mechanic's lien; this is especially true if such performance has been considered and treated by the parties as final and complete."

It is to be noted that in the foregoing case the last item was dated 27 October, 1921, and amounted to ninety-eight cents. The next item thereafter in the account was dated 15 April, 1922, and amounted to $3.40. Upon the facts, the Court held that the submission of the issue to the jury was correct.

The pertinent decisions upon the subject tend to demonstrate that the courts throughout the country are disposed to look with favor upon extending the time for filing liens or reviving the right to file them when: (a) the material furnished or labor done is embraced within the original contract; (b) the owner assents or requires such additional labor or material; (c) the labor or material so furnished is not of a trivial nature, even after the substantial completion of the project. But if the project had been substantially completed, and the furnishing of subsequent labor or material is of a trivial nature, not within the terms of the original contract and not furnished in good faith but for the purpose of evading the applicability of the time limit, then in such event the contractor is not entitled to assert a lien upon the theory that such additional labor or material so furnished, extended the time or revived the right.

When the principles of law are applied to the facts of the case at bar, it is manifest that the trial judge could not determine as a matter of law or give a peremptory instruction to the jury to the effect that the building contemplated by the contract was completed "during February, 1928."

The installation of a wire screen for a skylight 19 by 63 feet, requiring factory fabrication and costing $1,157.62, cannot be said, as a matter of law, to constitute work or material of a trivial nature. There is no evidence of unreasonable delay in furnishing said material from May, 1928, until October, 1928. Hence the exceptions to the instructions given the jury are sustained.

Error.