EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, A CORPORATION, AND ALBION DUNN, TRUSTEE, v. THOMAS G. BASNIGHT, JR., AND WIFE, VIRGINIA PIERCE BASNIGHT, AND W. G. DUNN.

(Filed 31 October, 1951.)

**1. Laborers' and Materialmen's Liens § 8—**

A contractor's lien for work done and materials furnished, when notice thereof is properly filed within six months of the completion of the structure, relates back to the time when claimant began the performance of the work and the furnishing of materials and has priority over a deed of trust executed and recorded subsequent to that date but prior to the date of the filing of the notice, the doctrine of relation back not only being established by uniform decisions but also being inherent in the statute granting such lien. G.S. 44-1.

**2. Laborers' and Materialmen's Liens § 6—**

A contractor's lien for work done and materials furnished is inchoate until perfected by the filing of proper notice of lien in the office of the Clerk of the Superior Court of the proper county within six months after completion of the work, G.S. 44-38, G.S. 44-39, and by bringing action to enforce the lien within six months of the date of the filing of notice of claim of lien, G.S. 44-43, G.S. 44-48 (4).

**3. Parties § 3—**

Necessary parties are those whose rights must be ascertained and settled before the rights of the parties to the suit can be determined.

**4. Laborers' and Materialmen's Liens § 10: Parties § 4—Subsequent encumbrancers are not necessary but are proper parties in action to enforce contractor's lien.**

An action by a contractor to enforce his lien is for the purpose of selling whatever interest the owner or contractee may have and to apply the proceeds of sale of such interest to the satisfaction of the lien, and therefore subsequent encumbrancers are not necessary parties to the action to

enforce the lien, and the contractor's failure to join them does not have the effect of losing his priority as against such subsequent encumbrancers. When not joined as parties in the contractor's action against the owner or contractee, they are not bound by the judgment, and the purchaser of the property under the judgment takes it subject to their rights, whatever they may be. They are proper parties, since they have an ascertainable interest in the subject matter of the controversy.

APPEAL by plaintiffs from *Grady, Emergency Judge,* at February Term, 1951, of PITT.

Civil action involving the question of the priority of a contractor's lien over a deed of trust.

For convenience of narration, the plaintiff, Equitable Life Assurance Society of the United States, is called Equitable; the defendants, Thomas G. Basnight, Jr., and wife, Virginia Pierce Basnight, are styled Basnight and wife; and the defendant, W. G. Dunn, is designated as Dunn. The facts are summarized in the numbered paragraphs set forth below:

1. Basnight and wife owned a lot in Greenville, North Carolina. On 5 August, 1948, Dunn, a building contractor, made a contract with them whereby Dunn bound himself to build a residence on such lot with labor and materials furnished by him, and whereby Basnight and wife obligated themselves to pay Dunn $12,000.00 for so doing on the completion of the structure. Dunn began the construction of the residence on 14 August, 1948, and finished it on 27 November, 1948. Basnight and wife forthwith accepted the residence, but failed to pay Dunn the stipulated sum of $12,000.00.

2. On 17 February, 1949, Basnight and wife borrowed $8,000.00 from Equitable and executed a deed of trust to Albion Dunn, Trustee, to secure the repayment of such sum. The deed of trust was registered in the office of the register of deeds of Pitt County on the day of its execution. Basnight and wife still owe Equitable $7,890.00 together with interest thereon at the rate of four per cent per annum from 1 August, 1949, on the loan secured by the deed of trust.

3. Within six months after the completion of the residence, to wit, on 15 March, 1949, Dunn filed notice in the office of the clerk of the Superior Court of Pitt County, North Carolina, specifying in detail that he claimed a lien on the residence and lot in the amount of $12,000.00 for work done and materials furnished in the construction of the residence as set out above.

4. Within six months from the date of the filing of the notice, to wit, on 26 April, 1949, Dunn brought an action against Basnight and wife in the Superior Court of Pitt County to enforce the lien claimed by him. Consent decrees were entered in such action at the September and November Terms, 1949, of the Superior Court of Pitt County, awarding Dunn

judgment against Basnight and wife for $12,000.00; declaring such judgment to be a lien on the residence and lot dating from 14 August, 1948, the day on which Dunn began to perform work and furnish materials under his contract with Basnight and wife; appointing a commissioner to sell the property at public sale after statutory advertisement for the satisfaction of the judgment and lien; and granting Dunn leave to bid at the sale. Subsequent to these events, the commissioner sold the property at public outcry after statutory advertisement for $12,000.00 to Dunn, who received his deed on 7 March, 1950.

5. Neither Equitable nor Albion Dunn, Trustee, was a party to the action mentioned in the preceding paragraph, which is hereafter called the former action to distinguish it from the present proceeding.

6. On 7 April, 1950, Equitable and Albion Dunn, Trustee, brought the present action against Basnight, Mrs. Basnight, and Dunn to foreclose the deed of trust of 17 February, 1949, for the satisfaction of the unpaid portion of Equitable's loan to Basnight and wife, and to obtain an adjudication that the deed of trust has precedence over the lien claimed by Dunn.

The action narrowed itself on the trial to a contest between Equitable and Albion Dunn, Trustee, on the one side, and Dunn on the other. The pleadings raised these successive questions: Whether the commissioner's deed to Dunn was effectual as against Equitable and Albion Dunn, Trustee; whether the lien claimed by Dunn has priority as against the deed of trust; and whether Dunn lost the right to assert that the lien claimed by him has priority over the deed of trust by failing to make Equitable and Albion Dunn, Trustee, parties to the former action to enforce the lien brought by him against Basnight and wife within the six months period prescribed by G.S. 44-43.

When the present action was heard, the parties waived trial by jury, and Judge Grady, who presided, made findings conforming to the facts stated in the six numbered paragraphs. He concluded that the commissioner's deed to Dunn is ineffectual as against Equitable and Albion Dunn, Trustee, because they were not parties to the former action, that the lien claimed by Dunn has priority as against the deed of trust, and that Dunn is entitled to have such priority enforced.

Judge Grady thereupon rendered a decree, awarding Equitable judgment against Basnight and wife for the unpaid portion of its loan; appointing commissioners to sell the residence and lot at public sale after statutory advertisement; and ordering such commissioners to use the proceeds of the sale "first to pay off and discharge the judgment entered in the former action between W. G. Dunn, plaintiff, and Thomas G. Basnight, Jr., and wife," defendants. The decree specifies that the commissioners will apply "any balance" of the proceeds of sale remaining

"in their hands after satisfying the former judgment of W. G. Dunn against said Basnight and wife . . . on the amount hereinbefore adjudged to be due" Equitable from Basnight and wife, and that "if there be any balance in hand after satisfying the two judgments, first in the former case and the judgment in the present case, then such balance will be paid to Thomas G. Basnight, Jr., and wife."

Equitable and Albion Dunn, Trustee, excepted to Judge Grady's decree and appealed to the Supreme Court, assigning as error the portions of the decree concluding and adjudging that the lien claimed by Dunn has priority as against their deed of trust.

*J. L. Emanuel and Albion Dunn for plaintiffs, appellants.*
*James & Speight for defendant, W. G. Dunn, appellee.*

ERVIN, J.  This question arises at the outset: Where a lien claimant files notice of a contractor's lien against a building and the lot on which it stands in the office of the clerk of the Superior Court on 15 March, 1949, for work done and materials furnished by him in the construction of the building under contract with the owners of the lot between 14 August and 27 November, 1948, does the lien relate back to the time when the lien claimant began the performance of the work and the furnishing of the materials, and take precedence by reason of such relation back over an intervening recorded deed of trust made by the owners of the lot on 17 February, 1949?

The trial judge answered this query in the affirmative when he adjudged that the lien of the contractor Dunn has priority as against the deed of trust under which Equitable and Albion Dunn, Trustee, claim. We affirm his ruling on the authority of these decisions: *King v. Elliott,* 197 N.C. 93, 147 S.E. 701; *Harris v. Cheshire,* 189 N.C. 219, 126 S.E. 593; *Porter v. Case,* 187 N.C. 629, 122 S.E. 483; *McAdams v. Trust Co.,* 167 N.C. 494, 83 S.E. 623; *Dunavant v. Railroad,* 122 N.C. 999, 29 S.E. 837; *Pipe & Foundry Co. v. Howland,* 111 N.C. 615, 16 S.E. 857, 20 L.R.A. 743; *Burr v. Maultsby,* 99 N.C. 263, 6 S.E. 108, 6 Am. S. R. 517; and *Chadbourn v. Williams,* 71 N.C. 444.

In so doing, we do not ignore the contentions of Equitable and Albion Dunn, Trustee, on this phase of the case. They advance these successive and interdependent arguments with much earnestness and industry: (1) The doctrine that a contractor's lien for work done or materials furnished relates back to the time when the claimant commenced the performance of the work or the furnishing of the materials has no foundation in law save that embodied in a statute originally enacted as section 2 of chapter 206 of the Public Laws of 1869-70 and subsequently codified as section 1782 of the Code of 1883, which was couched in these words:

"The lien for work on crops or farms or materials given by this act shall be preferred to every other lien or encumbrance which attached upon the property subsequent to the time at which the work was commenced, or the materials were furnished." (2) This foundation of the relation back doctrine was removed as to all liens arising under the laws now incorporated in chapter 44 of the General Statutes except liens for work on crops in 1905 when the codifiers of the Revisal changed the statute, *i.e.*, section 2 of chapter 206 of the Public Laws of 1869-70 and section 1782 of the Code of 1883, to its present form, to wit: "The lien for work on crops given by this chapter shall be preferred to every other lien or encumbrance which attached to the crops subsequent to the time at which the work was commenced." G.S. 44-41; C.S. 2472; Rev. 2034. (3) As a consequence, the relation back doctrine has no application to the lien of the contractor Dunn, and the deed of trust under which Equitable and Albion Dunn, Trustee, claim has priority because it was made and recorded before the notice of Dunn's lien was filed.

These arguments are untenable for reasons even more cogent than the significant fact that their acceptance would constitute a repudiation of all germane decisions handed down since the adoption of the Revisal of 1905.

Two of the present statutes giving liens to contractors for labor performed or materials furnished, namely G.S. 44-1 and G.S. 44-2, had their genesis in chapter 206 of the Public Laws of 1869-70. Section 2 was not put in that chapter to establish the relation back doctrine, and did not do so. It simply selected three specific liens, *i.e.*, liens "for work on crops or farms or materials," out of all the liens given to contractors by sections 1 and 3 of the chapter, and conferred upon such three specific liens preference over all other liens and encumbrances (including other liens given to contractors) "which attached upon the property subsequent to the time at which the work was commenced or the materials were furnished." These considerations show that the relation back doctrine was not begotten by section 2 of chapter 206 of the Public Laws of 1869-70, and is not nurtured by its present day counterpart. G.S. 44-41.

The doctrine is inherent in the very statutes which give the contractor the lien upon the property improved by his labor or materials, and allow him six months after the completion of the labor or the final furnishing of the materials in which to claim it; for it is plain that unless the contractor's lien when filed relates back to the time at which the contractor commenced the performance of the work or the furnishing of the materials, the object of the statutes can be defeated at the will of the owner of the property, by his selling or encumbering his estate. *Burr v. Maultsby, supra; Chadbourn v. Williams, supra.* To hold that the doctrine of relation back is not inherent in these statutes would be to "keep the word of promise to our ear, and break it to our hope."

This brings us to the second and final question presented by the appeal: Does a contractor's prior lien become unavailable as against subsequent encumbrancers by the contractor's failure to make the subsequent encumbrancers parties to his action to enforce the lien brought against the owners within the statutory period?

Dunn, the builder, bottoms his claim to a contractor's lien against the real property in controversy on this statutory provision: "Every building built, rebuilt, repaired or improved, together with the necessary lots on which such building is situated . . ., shall be subject to a lien for the payment of all debts contracted for work done on the same, or material furnished." G.S. 44-1.

A contractor's lien on real property is inchoate until perfected by compliance with legal requirements, and is lost if the steps required for its perfection are not taken in the manner and within the time prescribed by law. 36 Am. Jur., Mechanics' Liens, Section 124; 57 C.J.S., Mechanics' Liens, Section 119.

To perfect his lien on real property, the contractor must comply with these statutory requirements:

1. He must file a notice or claim of lien in the office of the clerk of the Superior Court of the county where the labor has been performed or the materials furnished within six months after the completion of the labor or the final furnishing of the materials specifying in detail the labor performed or the materials furnished and the time thereof. G.S. 44-38 and 44-39; *Beaman v. Hotel Corp.,* and *Roofing Co. v. Beaman,* 202 N.C. 418, 163 S.E. 117; *Supply Co. v. McCurry,* 199 N.C. 799, 156 S.E. 91.

2. He must bring an action in the Superior Court to enforce the lien within six months from the date of the filing of the notice or claim of lien. G.S. 44-43 and 44-48 (4); *Norfleet v. Cotton Factory,* 172 N.C. 833, 89 S.E. 785.

These things being true, the present position of Equitable and Albion Dunn, Trustee, *i.e.,* that the lien claimed by Dunn is not available as against them, is sound, if subsequent encumbrancers are necessary parties to a statutory action to enforce a contractor's lien on real property.

The term "necessary parties" embraces all persons who have or claim material interests in the subject matter of a controversy, which interests will be directly affected by an adjudication of the controversy. *Wiggins v. Harrell,* 200 N.C. 336, 156 S.E. 924. A sound criterion for deciding whether particular persons must be joined in litigation between others appears in this definition: Necessary parties are those persons who have rights which must be ascertained and settled before the rights of the parties to the suit can be determined. 67 C.J.S., Parties, section 1.

The statute does not undertake to specify who shall be made parties to the action to enforce the contractor's lien, which it requires to be brought

within the period of six months designated by it. The solution of this problem is, therefore, to be found in the nature and object of the action to enforce the lien.

Such action is designed to enforce the lien by the sale of whatever interest the person who caused the building to be erected or repaired had in the land improved by the labor or materials of the contractor at the time the lien attached. G.S. 44-46; *Pipe and Foundry Co. v. Howland, supra; Burr v. Maultsby, supra; Chadbourn v. Williams, supra.* Since the judgment in the action will directly affect his interest in the real property involved in the suit, the landowner who contracted the debt for which the lien is claimed is certainly a necessary party to the action to enforce the lien. 57 C.J.S., Mechanics' Liens, Section 284b.

But the action to enforce the lien is not created to determine the validity or the priority of the adverse claims of third persons in the premises subject to the lien. The contractor can obtain the complete relief sought, *i.e.,* the sale of the interest owned by the person who caused the improvement to be made at the time the lien attached, in his action against the landowner, without having the rights of adverse claimants ascertained and settled. In consequence, subsequent encumbrancers and other adverse claimants are not necessary parties to an action to enforce a contractor's lien. This holding is expressly or impliedly sanctioned by earlier decisions of this Court. *Porter v. Case, supra; Lumber Co. v. Hotel Co.,* 109 N.C. 658, 14 S.E. 35; *Kornegay v. Steamboat Co.,* 107 N.C. 115, 12 S.E. 123.

It necessarily follows that neither the contractor nor any other interested party is precluded from relying on the contractor's prior lien as against subsequent encumbrancers because of the contractor's failure to make the subsequent encumbrancers parties to his action to enforce the lien brought against the owners within the statutory period. *Sandquist & Snow v. Kellogg,* 101 Fla. 568, 133 So. 65.

We deem it appropriate to make certain observations relating to this aspect of the case. While the court can adjudicate the rights of the contractor and the landowner in an action to enforce a contractor's lien without necessarily affecting them, subsequent encumbrancers and other adverse claimants are proper parties to such action, for they have ascertainable interests in the subject matter of the controversy. 36 Am. Jur., Mechanics' Liens, section 249. It is highly desirable that they be made parties to the action to enforce the lien so that the decree or judgment in such action may conclude the rights of all persons having any interest in the subject matter of the litigation.

If a subsequent encumbrancer is not joined, he is not bound by the judgment in the action between the contractor and the owner, and one who purchases the property under that judgment takes it subject to the

rights of the encumbrancer, whatever they may be. *Jones v. Williams,* 155 N.C. 179, 71 S.E. 222, 36 L.R.A. (N.S.) 426.

It is to be noted that we are presently concerned with the rights of those who become encumbrancers after the lien attaches and before the action to enforce it is brought, and that none of the parties to the present action challenge the provisions of Judge Grady's decree ordering a resale of the property.

For the reasons given, the judgment is

Affirmed.