RDC, INC., A DELAWARE CORPORATION DOING BUSINESS IN NORTH CAROLINA v. BROOKLEIGH BUILDERS, INC., BY W. JOSEPH BURNS, TRUSTEE IN BANKRUPTCY; STAFFORD R. PEEBLES, JR., TRUSTEE FOR CARLISLE B. McKENZIE AND WIFE, LOUISE J. McKENZIE; CARLISLE B. McKENZIE AND WIFE, LOUISE J. McKENZIE; STAFFORD R. PEEBLES, JR., TRUSTEE FOR MARTIN SEPTIC TANK SERVICE; MARTIN SEPTIC TANK SERVICE; WAYNE C. SHUGART, TRUSTEE FOR SMITH-PHILLIPS LUMBER COMPANY; SMITH-PHILLIPS LUMBER COMPANY; FOSTER & HAILEY, INC.; PFAFF'S, INC.; NEW WORLD, INC.; AND OLDTOWN CARPET CENTER

No. 8221SC168

(Filed 18 January 1983)

**Laborers' and Materialmen's Liens § 8— enforcement of lien—filing in bankruptcy court not sufficient**

The filing of a proof of claim of lien for labor and materials in a federal bankruptcy court did not constitute the commencement of an action to enforce the lien within the meaning of G.S. 44A-13(a); rather, an action to enforce a lien for labor and materials may properly be commenced only by the filing of a civil action in the appropriate State court. G.S. 44A-12; G.S. 1A-1, Rules 2 and 3.

APPEAL by respondents from *Freeman, Judge.* Judgment entered 17 December 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 9 December 1982.

RDC, Inc. instituted this special proceeding before the Clerk of Superior Court to recover monies due it, as holder of a deed of trust, from surplus foreclosure sale proceeds held by the Clerk, following the bankruptcy and dissolution of Brookleigh Builders, Inc. and the satisfaction of the obligation owed to the holders of deeds of trust. Before the Clerk, respondents stipulated and agreed that RDC was entitled to priority in the remaining proceeds. The Assistant Clerk presiding, upon finding that the remaining respondents were in disagreement as to who, among themselves, was entitled to follow RDC in priority, transferred the proceeding to the Superior Court for trial.

The case was tried without a jury. The following facts are not in dispute and are pertinent to an understanding of the question presented concerning the relative priority of the two respondents who are parties to this appeal, a statutory lienor and the holders of a note secured by a deed of trust.

Prior to 6 November 1979, two deeds of trust were recorded (by parties not presently involved), encumbering the subject property of Brookleigh Builders.

On 6 November 1979, respondent Foster & Hailey, Inc. first furnished materials or labor to the subject property.

On 3 January 1980, respondents Carlisle B. and Louise J. McKenzie recorded a $5000.00 deed of trust, encumbering the subject property.

On 15 July 1980, Foster & Hailey last furnished materials or labor to the subject property.

On 22 September 1980, Foster & Hailey properly filed a $6,217.65 claim of lien on the subject property, pursuant to Article 2 of Chapter 44A of the General Statutes.

On 27 October 1980, Brookleigh filed a voluntary petition in bankruptcy in federal court.

On 26 November 1980, Foster & Hailey filed a proof of claim in federal bankruptcy court, asserting its $6,217.65 lien. (While this filing was within 180 days of the "last furnishing," Foster & Hailey never instituted any action in state court to enforce its lien.)

11 January 1981 was the 180th day after Foster & Hailey's "last furnishing" to Brookleigh.

On 18 February 1981, the trustee in bankruptcy "abandoned" the subject property pursuant to an order of the bankruptcy court. The trustee had held the property for 84 days.

On 3 July 1981, the present special proceeding was instituted in state court, wherein creditors with priority over both Foster & Hailey and the McKenzies received satisfaction. A balance of $6,942.18 remained, which is now the subject of dispute. The superior court ruled that Foster & Hailey had, by filing its proof of claim in federal bankruptcy court, properly "commenced" an action (within the meaning of G.S. 44A-13(a)) to enforce its lien and that, therefore, Foster & Hailey was entitled to priority in the remaining funds.

The McKenzies and Stafford R. Peebles, Jr., as trustee for the McKenzies, appealed.

*Peebles, Hedgpeth & Schramm, by John J. Schramm, Jr. and Joseph C. Hedgpeth, for Stafford R. Peebles, Jr., Trustee, Carlisle B. McKenzie and Louise J. McKenzie, respondent-appellants.*

*House, Blanco & Osborn, P.A., by Reginald F. Combs, for Foster & Hailey, Inc., respondent-appellee.*

WELLS, Judge.

Article 2 of Chapter 44A of the General Statutes pertains to statutory liens on real property. For priority purposes, liens duly perfected under Chapter 44A relate back to the time of first furnishing of labor or materials. As between a statutory lien and the lien created by a deed of trust, the general rule (which applies to the present case) is that the lien which is first in time has priority. *See Assurance Society v. Basnight,* 234 N.C. 347, 67 S.E. 2d 390 (1951). G.S. 44A-12 provides that, to be effective, claims of lien must be filed not later than 120 days after the "last furnishing" of labor or materials. G.S. 44A-13(a) permits the bankruptcy court to order enforcement of a perfected statutory lien. In the instant case, the bankruptcy court did not order such enforcement, but instead ordered that the trustee release the subject property to the claims of creditors. Foster & Hailey now contends that it should be excused from instituting an enforcement action since it filed a proof of claim in bankruptcy. We do not agree.

G.S. 44A-13(a) and (c) provide as follows:

§ 44A-13. *Action to enforce lien.*

(a) *Where and When Action Instituted.*

An action to enforce the lien created by this Article may be instituted in any county in which the lien is filed. No such action may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien. If the title to the real property against which the lien is asserted is by law vested in a receiver or trustee in bankruptcy, the lien shall be enforced in accordance with the orders of the court having jurisdiction over said real property.

. . .

(c) Notice of Action.

Unless the action enforcing the lien created by this Article is instituted in the county in which the lien is filed, in order for the sale under the provisions of G.S. 44A-14(a) to pass all title and interest of the owner to the purchaser good against all claims or interests recorded, filed or arising after the first furnishing of labor or materials at the site of the improvement by the person claiming the lien, a notice of lis pendens shall be filed in each county in which the real property subject to the lien is located within 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien. It shall not be necessary to file a notice of lis pendens in the county in which the action enforcing the lien is commenced in order for the judgment entered therein and the sale declared thereby to carry with it the priorities set forth in G.S. 44A-14(a). If neither an action nor a notice of lis pendens is filed in each county in which the real property subject to the lien is located within 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien, as to real property claimed to be subject to the lien in such counties where the action was neither commenced nor a notice of lis pendens filed, the judgment entered in the action enforcing the lien shall not direct a sale of the real property subject to the lien enforced thereby nor be entitled to any priority under the provisions of G.S. 44A-14(a), but shall be entitled only to those priorities accorded by law to money judgments.

G.S. 1A-1, Rules 2 and (in pertinent part) 3 of the Rules of Civil Procedures provides as follows:

Rule 2. One form of action.

There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action.

Rule 3. Commencement of action.

A civil action is commenced by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be prima facie evidence of the date of filing.

When the provisions of G.S. 44A-13(a) and G.S. 1A-1, Rules 2 and 3 are construed *in pari materia*, it is clear that lien holders may not commence an action to enforce their lien by any type of filing in a bankruptcy court, but only by filing a civil action in the appropriate state court.

Although both appellant and appellee have argued bankruptcy law at considerable length, we carefully point out that we do not address in any sense questions of the respective rights of the parties to this action under the bankruptcy laws of the United States, as at the time the present action was filed, the subject property was no longer subject to those laws. Our holding in this case is on the sole ground that appellee's filing of a claim with the trustee in bankruptcy did not constitute the filing of an action to enforce the lien so as to give appellee the benefit of the lien enforcement procedures established under the statutes of North Carolina.[1]

Appellee not having filed an action to enforce its lien, its lien expired prior to the time the present proceedings were instituted, and the trial court erroneously concluded that appellee is entitled to first priority in the balance of the funds in the hands of the Clerk. Under the facts stipulated to us in this matter, the appellant Stafford R. Peebles, Jr., Trustee for Carlisle B. McKenzie and wife Louise J. McKenzie, is entitled to first priority in such remaining funds. Accordingly, the judgment of the trial court must be reversed and this matter remanded to the Superior Court of Forsyth County for entry of judgment consistent with our opinion.

1. We note that the provisions of G.S. 44A-13(a) might have the effect of tolling the 180 day period for filing an action while the lien property is in the hands of the trustee. Under such an interpretation, appellee would have had 77 days after the subject property was released in which to commence an action to enforce. Legislative attention is perhaps appropriate to resolve any doubt as to the question.

Reversed and remanded.

Judges VAUGHN and WHICHARD concur.